Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6812 | **DATE** | 3/13/2001 |
| **CASE TITLE** | RENO vs. ATLANTA SUNDRIES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Status hearing held. Enter Memorandum Opinion and Order. Third-party defendant CTA's motion to dismiss Lilly Industries complaint [16-1] is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 14 2001 | |
| | Notified counsel by telephone. | date docketed | 24 |
| ✓ | Docketing to mail notices. | IS | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION.

| | |
|---|---|
| DANIEL and FLORENCE RENO, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 99 C 6812 |
| v. | ) The Honorable John W. Darrah |
| ATLANTA SUNDRIES, INC., and LILLY INDUSTRIES, INC., successor to ATLANTA SUNDRIES, INC. | )<br>)<br>) |
| Defendants. | ) |
| v. | ) |
| CHICAGO TRANSIT AUTHORITY, a municipal corporation, | ) |
| Third-Party Defendant. | ) |

DOCKETED
MAR 1 4 2001

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Third-Party-Defendant Chicago Transit Authority's ("CTA") Motion to Dismiss Lilly Industries' ("Lilly") Complaint against it as untimely. For the reasons stated herein, CTA's Motion is DENIED.

## BACKGROUND

Daniel Reno filed suit in the Circuit Court of Cook County on July 29, 1994 against Atlanta Sundries to recover damages allegedly caused by Reno's exposure to Atlanta Sundries' product "Goof Off" during Reno's employment with the CTA. On July 25, 1996, Atlanta Sundries filed a third-party complaint against the CTA. On December 10, 1996, the CTA moved to dismiss this



complaint as untimely. This Motion was denied by the circuit court on June 10, 1997. On August 11, 1997, CTA filed a Motion to Reconsider the court's ruling which was denied on October 16, 1997. Reno voluntarily dismissed his complaint without prejudice on April 20, 1998.

Daniel Reno and his wife, Florence Reno, filed a second products liability suit against Lilly, the successor to Atlanta Sundries, in the Circuit Court of Cook County on April 20, 1999. Lilly removed the case to federal court on October 18, 1999. Lilly filed its third-party complaint against the CTA on September 29, 2000.

## DISCUSSION

Although the CTA has twice failed in its attempts to dismiss Lilly's complaint, it nonetheless asks this Court to disregard the Circuit Court of Cook County's interpretation of state law and rule that the complaint is untimely. Lilly argues the CTA's Motion to Dismiss is barred under the theory of collateral estoppel. A review of the circuit court's previous rulings and the applicable law support Lilly's position that the motion is barred by collateral estoppel.

### *Collateral Estoppel*

As stated above, Lilly asserts that the Circuit Court of Cook County's decisions denying CTA's motions to dismiss and reconsider should prevent this Court from considering CTA's present Motion. Four conditions must be met before collateral estoppel prevents a court from considering an issue. *Asllani v. Board of Education*, 845 F. Supp. 1209, 1215 (N.D.Ill 1994)(Moran, J.). In *Asllani*, the court stated:

> A court must determine that (1) the issue decided in the prior adjudication is identical with the one presented in the case under review; (2) [that] the party against whom estoppel is asserted was a party or in privity with a party to the prior litigation; (3) [that] there has been a final judgment on the merits in the former suit; and (4) [that] the party against whom collateral estoppel is asserted had a full and fair opportunity

to litigate the issue in the prior suit. (Citation and quotation marks omitted).
*Id.*

Collateral estoppel prevents this Court from reviewing the circuit court's decisions. The first, second, and fourth conditions are clearly met in this case. The Motion before the Court raises the same issues presented in the two earlier motions. Here, estoppel is asserted against the same party who made the arguments in prior litigation. Additionally, both of the earlier motions were fully briefed.

At issue then is the third condition, whether the circuit court's orders constitute "final" judgments. CTA argues that the orders denying its previous motions to dismiss and reconsider cannot be final because they were not appealable. (Reply at 3). However, "finality for purposes of collateral estoppel is not the same as finality for purposes of determining when an order is appealable or susceptible to reconsideration." *Asllani*, 845 F.Supp. at 1215.

The Seventh Circuit has considered a number of factors when determining whether an order is final for purposes of collateral estoppel: (1) that the decision was not "avowedly tentative," (2) that the hearing was adequate and the parties were fully heard, (3) that the court supported its decision with a reasoned opinion, and (4) that the decision was appealable or had been appealed. *Gilldorn Savings Association v. Commerce Savings Association*, 804 F.2d 390, 392 (7th Cir. 1987). "The ultimate question is whether the prior adjudication ... is determined to be sufficiently firm to be accorded conclusive effect." *Id.*

The circuit court's decisions denying the motions to dismiss are sufficiently firm to preclude further litigation. Nothing in the orders or in the record indicate that the orders were tentative. The order, dated June 10, 1997, indicated that the circuit court had "reviewed the motion, response, and

reply" and "heard oral argument." Furthermore, the CTA filed four briefs, totaling thirty pages, in support of its motions to dismiss and reconsider. The parties thus had sufficient opportunity to be heard on the issue, and the judge was amply advised of the arguments on both sides of the issue so as to make a reasoned decision. Although the circuit court's order was not subject to appeal, CTA was able to file and fully brief a motion to reconsider. "[T]he need for a final judgment [in the case as a whole] is not as compelling when the question is whether the determination of a single issue actually decided in the first action should be given conclusive effect in a later action between the parties..." *Gilldorn*, 804 F.2d at 393.

It is clear that the two circuit court orders are final for purposes of collateral estoppel. Collateral estoppel precludes this Court from considering CTA's Motion to Dismiss.

## CONCLUSION

For the reasons stated herein, CTA's Motion is DENIED.

**IT IS SO ORDERED.**

Date: 3-13-01

John W. Darrah, Judge
United States District Court